UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENISE BARNES and PETER BARNES,

Plaintiffs,

v.

CITY OF MILTON,

Defendant.

Case No. C09-5034 FDB

ORDER GRANTING THE CITY OF MILTON'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the City of Milton's motion for summary judgment. The Court, having reviewed the pleadings and the record herein, is fully informed and hereby grants the motion for summary judgment for the reasons stated below.

**Introduction and Background**

Plaintiffs Denise and Peter Barnes, acting pro se, filed a civil rights action against the City of Milton on December 26, 2008, in Pierce County Superior Court. Plaintiffs' complaint contained the following factual allegations: "The City of Milton and its police officers have conducted a campaign of harassment and terror against Peter Barnes, Denise Barnes and her son." Plaintiffs then asserted that the City of Milton violated the Plaintiffs' state and federal constitutional rights

ORDER - 1

1 and the Fourth Amendment. Plaintiffs further alleged that sections 1981, 1983 and 1985 of 42

2 U.S.C. have been violated by the actions of the Defendant City. Plaintiffs allege these actions were

3 done solely to harass, based solely on the race of Denise Barnes.

4 Subsequent to the defendant's answer and removal to this Court, the Plaintiffs filed an

5 amended complaint. The amended complaint contains additional factual allegations. Plaintiffs

6 claim that Milton Police Officer Nils Luckman "burglarized" their home. They also assert that City

7 employee Ed Hume made "fraudulent allegations" against them. Finally, they claim that Police

8 Chief William Rhoades at sometime wrote a "libelous letter" about them.[1]

9 In an attempt to flush out the facts, the City propounded interrogatories to Plaintiffs

10 requesting that they set forth the incidents that were claimed to substantiate any alleged pattern of

11 harassment. Plaintiffs provided responses that referenced five incidents, but provided factual detail

12 involving one incident.

13 Plaintiffs' responses to the interrogatories allege that on January 1, 2006, City of Milton

14 police officers entered their home without a legitimate law enforcement purpose and assaulted

15 Denise Barnes. Another incident allegedly occurred on January 18, 2006, but no factual details are

16 provided. A third incident alleged occurred in March of 2006, resulting in unfounded citations, as

17 did two further harassments around June 2006.

18 Premised on these statements of the facts, the City of Milton moves for summary judgment.

19 **Standards for Summary Judgment**

20 A party is entitled to summary judgment if that party can demonstrate "that there is no

21 genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

22 of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary

23 evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby,

---

[1]Plaintiffs' complaint contains further factual allegations that are not related to the actions directed at the plaintiffs or concern the conduct of the City and its employees.

ORDER - 2

Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

In civil rights cases and in the context of a motion for summary judgment where a litigant is proceeding pro se, the court has an obligation to construe pro se documents liberally and to afford the pro se litigant the benefit of any doubt. Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir. 1988).[2]

The Court has reviewed said motion, the supporting statement of facts and exhibits thereto,

---

[2] Because Plaintiffs have already been given the opportunity to cure the deficiencies in their original complaint, and failed to do so, and because the amended complaint remains similarly deficient, i.e. devoid of factual allegations supporting their claims, the Court has determined that providing the pro se Plaintiffs additional time to file another amended complaint would be fruitless.

ORDER - 3

Plaintiffs' response, as well as the record before it, and finds that Plaintiffs have failed to produce evidence sufficient to support their claims, and therefore the City of Milton is entitled to summary judgment.

## 42 U.S.C. § 1983 Municipal Liability

Municipalities and local governments can be sued directly for violations of constitutional rights under 42 U.S.C. § 1983 where government officials were acting pursuant to an official policy or recognized custom. Monell v. Dept. of Social Serv. of New York, 436 U.S. 658, 690 (1978). The plaintiff must identify the policy or custom which caused the violation. "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the conduct alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).

Generally, a party may demonstrate municipal responsibility for a constitutional violation in one of three ways. First, a plaintiff might show that an entity with decision-making authority within the municipality expressly enacted or authorized the policy that led to the injury. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986); Monell, at 694. Second, a plaintiff might prove that the municipality caused the injury by showing the violation was the result of municipal custom. See Pembaur, at 481-82 n. 10. Finally, a plaintiff might show that the constitutional violation is the product of inadequate training on the part of the municipality that amounts to deliberate indifference to the rights of persons with whom the police come into contact. City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989). On the other hand, a municipality cannot be held liable for the acts of its officers in a § 1983 action based solely on the doctrine of respondeat superior. Monell, at 691.

Plaintiffs cannot point to sufficient evidence proving that the City of Milton has municipal

ORDER - 4

customs or a policy of harassment. A practice is a "custom" only if it is "so persistent and widespread that it constitutes a permanent and well settled city policy." See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). Moreover, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id. Municipal liability is only appropriate where a plaintiff has shown that a constitutional deprivation was directly caused by a municipal policy. Oviatt v. Pearce, 954 F.2d 1470, 1477-78 (9th Cir. 1992). Such a policy must result from a deliberate choice made by a policy-making official and may be inferred from widespread practices or "evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005); Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992). Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. McDade v. West, 223 F3d 1135, 1142 (9th Cir. 2000); Trevino v. Gates, 99 F3d 911, 918 (9th Cir. 1996); Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989). "When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom." Trevino, at 920. "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom ." Thompson, at 1444.

There is no evidence to establish that the alleged harassment and unlawful entry was a formal policy or widespread practice of the City of Milton, or that previous constitutional violations had occurred for which the offending officers were not discharged or reprimanded. Only admissible evidence can create a triable issue of fact on summary judgment. In this matter, the Court has been presented with no facts demonstrating there is anything more than an alleged police harassment of Plaintiffs, coupled with an alleged incident of unlawful entry by police and assault

ORDER - 5

upon Plaintiff Denise Barnes. There is no evidence of an intent to ratify the conduct of the officers. There is no credible evidence of other incidents in which Plaintiffs contend the City or its police officers engaged in unconstitutional conduct. Plaintiffs' total lack of evidence does not demonstrate a custom or policy which leaves officers free to believe they are immune to discipline for constitutional violations. See Haugen v. Brosseau, 339 F.3d 857, 875 (9th Cir. 2003)(custom or policy can be found when decision supporting action was the product of a conscious, affirmative choice to ratify the conduct in question); Larez v. City of Los Angeles, 946 F.2d 630, 647 (9th Cir. 1991)(determining that reprimand procedures of LAPD were so ineffective that it was almost impossible for a police officer to be disciplined based on a citizen's complaint); Thomas v. City of Chattanooga, 398 F3d 426, 430-31 (6th Cir. 2005)(rejecting custom claim in the absence of evidence that the number of complaints was unusual); Carter v. District of Columbia, 795 F.2d 116, 123 (DC Cir. 1986)(reports of force were scattered and did not coalesce into a discernible policy). Mere recitation of the number of complaints filed does not suffice to prove a policy or custom. A plaintiff must show why those prior incidents deserved discipline and how the misconduct in those cases is similar to that involved in the present action. Bryant v. Whalen, 759 F. Supp. 410 (N.D. Ill.1991); Mariani v.Pittsburgh, 624 F. Supp 506, 509 (W.D. Pa. 1986).

The City of Milton is entitled to summary judgment on Plaintiffs' 42 U.S.C. § 1983 claim because Plaintiffs do not raise a triable issue of fact as to whether the City had any practice or policy that deprived Plaintiffs of their civil rights. See Boyd v. Benton County, 374 F.3d 773, 784 (9th Cir. 2004). There is no evidence of acquiescence and ratification as to establish a triable issue of municipal liability. Plaintiffs have not presented any testimony that the City of Milton created or maintained a policy whereby civilian complaints of harassment are meaningless. Plaintiffs have not presented any evidence to demonstrate that any investigations into prior civilian complaints against these officers or any investigations of their own complaint against the officers was cursory, inadequate, or meaningless. Plaintiffs have not presented any evidence that the City of Milton

ORDER - 6

acted in any way to condone harassment, unlawful entry, or assault against the Plaintiff or others. Thus, the municipal Defendant is entitled to summary judgment.

A municipality's failure to adequately train or supervise its officers can give rise to liability under § 1983 as a policy causing constitutional harm. Merritt v. County of Los Angeles, 875 F.2d 765, 769 (9th Cir. 1989); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991). However, to prevail on such a claim, a plaintiff must demonstrate: (1) an inadequate training program or inadequate supervision; (2) deliberate indifference on the part of the City in adequately training or supervising its law enforcement officers; and (3) that the lack of training or supervision actually caused a deprivation of constitutional rights. Merritt, at 770; Redman, at 1446-47. Plaintiffs have presented no evidence concerning the training or supervision received by police officers of the City of Milton. Rather, Plaintiffs simply rely on the allegation that their constitutional rights were violated to bootstrap the argument that the City's policies were inadequate. Thus, Plaintiffs have provided no evidence to demonstrate the level of training received by officers of the Milton Police Department, and therefore cannot demonstrate that training was inadequate.

Further, the Court notes that Plaintiffs have provided no evidence suggesting a deliberate indifference on the part of the City in adequately training or supervising of its officers or any actual causal relationship between the alleged lack of training/supervision and Plaintiffs' injuries. The mere fact that an injury may have been suffered by Plaintiffs does not work to prove that the injury was caused by inadequate training/supervision as opposed to the unrelated decision of an officer(s). Accordingly, no reasonable jury could find for Plaintiffs on this claim and summary judgment is appropriate.

**42 U.S.C. § 1981 Race Discrimination**

Plaintiffs have brought a claim against the City of Milton for violation of their rights pursuant to 42 U.S.C. §1981. That statute prohibits race discrimination in the making and enforcing of contracts. Runyon v. McCrary, 427 U.S. 160 (1976).

ORDER - 7

1    Plaintiffs' lawsuit is based upon the alleged unlawful action by City of Milton police officers
2    in dealing with Mr. and Mrs. Barnes.  There is no contractual or employment relationship between
3    the Plaintiffs and the City.  Thus,  Plaintiffs' §1981 claim is inapplicable to the facts.  Accordingly,
4    Plaintiffs' §1981 claim is subject to dismissal as a matter of law.

### 42 U.S.C. § 1985 Conspiracy

Plaintiffs have brought a claim under 42 U.S.C. §1985.  To state a claim for conspiracy to violate constitutional rights, Plaintiffs must allege the following: (1) a conspiracy; (2) a conspiratorial purpose to deprive a person, directly or indirectly, of the equal protection of the laws or of equal privileges or immunities under the law; (3) an overt act in furtherance of the conspiracy, and (4) either an injury to a person or property, or a deprivation of a constitutionally protected right or privilege.  See Griffin v. Breckenridge, 403 U.S. 88 102 (1971).

Mere allegation of a conspiracy without factual specificity is insufficient to withstand a motion for summary judgment.  Anderson v. Liberty Lobby, 477 U.S. 242 (1986); Sanchez v. City of Santa Anna, 936 F.2d, 1027, 1039 (9th Cir. 1990).

There is no evidence of a conspiracy in this case. In fact, Plaintiffs' factual assertions fail to even reference anything remotely resembling a conspiratorial agreement.  There is no evidence to support Plaintiffs' §1985 claim and that claim fails as a matter of law.

### Conclusion

Plaintiffs have sued only the City of Milton.  Plaintiffs cannot establish municipal liability under §1983 as they possess no evidence that a municipal policy, custom or practice led to any alleged constitutional deprivation.  Likewise, their claims of conspiracy under §1985 also fail as they possess no evidence of any conspiratorial agreement to deprive either Plaintiff of acknowledged constitutional rights.  Plaintiffs' §1981 claim also fails as a matter of law as §1981 only provides a mechanism for unconstitutional actions within the context of a contractual or employment relationship.

ORDER - 8

ACCORDINGLY

IT IS ORDERED:

The City of Milton's Motion for Summary Judgment [Dkt #13] is **GRANTED** and Plaintiffs' claims dismissed with prejudice as a matter of law.

DATED this 13th day of October, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 9